ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2010 MAY 10  PM 4: 07

CLERK OF COURT

_____ NPL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. |
| | § | |
| $50,000.00 IN U.S. CURRENCY | § | 4-10CV-337-A |
| | § | |
| Defendant *In Rem*. | § | |

## COMPLAINT FOR FORFEITURE

The United States of America (the Government) files this complaint *in rem* against

the Defendant property, to wit, $50,000.00 in U.S. currency (Defendant property) and in

accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims

and Asset Forfeiture Actions ( the Supplemental Rules ) alleges as follows:

### I.

This Court has subject matter jurisdiction of this cause of action by virtue of the

provisions of 28 U.S.C. §§ l345 and l355(a).  The Court has *in rem* jurisdiction because

of 28 U.S.C. § 1355(b).  Venue is proper under 28 U.S.C. § 1355(b)(1) and 28 U.S.C.

§ 1395(b).

### II.

The statutory bases for this suit are 31 U.S.C. §§ 5317(c)(2), 5313(a), and 5324.

Also applicable are 31 CFR 103, 31 U.S.C. §§ 5316, 18 U.S.C. § 983, and Rule G of the

Supplemental Rules.

III.

On or about November 12, 2009, the Defendant property was seized at 6333 North State Highway 161, Irving, Dallas county, Texas within the Northern District of Texas, pursuant to a civil forfeiture seizure based upon probable cause. Specifically, a United States Magistrate found probable cause and signed a seizure warrant on November 10, 2009 which led to the seizure. On January 12, 2009, proceedings regarding the Defendant property were approved for administrative forfeiture by the Department of the Treasury, Internal Revenue Service-Criminal Investigations (IRS-CI). The Defendant property was turned over to the Department of the Treasury on November 17, 2009 for the institution of federal forfeiture proceedings. The Defendant property was deposited in the seized asset deposit fund account with the Internal Revenue Service Headquarters Customs Suspense Account in New York, New York.

IV.

This action *in rem* is being brought in the United States District Court pursuant to the provisions of 18 U.S.C. § 983(a)(3)(A), because **Gianluca Fausti (Fausti) and Monica Ard (Ard)** both filed claims to the Defendant property with IRS-CI on February 10, 2010 after receiving notice, pursuant to 18 U.S.C. § 983(a)(1)(A), of an administrative forfeiture proceeding.

V.

The names and last known addresses of any known possible claimants to the Defendant property are:

> **Gianluca Fausti**
> 4217 Fairway Crossing Dr.
> Fort Worth, Tx 76137
>
> **Monica Ard**
> 4217 Fairway Crossing Dr.
> Fort Worth, Tx 76137

Attorney, Lawrence Brown, 512 Main St., Ste. 712, Fort Worth, Texas 76102, represents both **Fausti and Ard** in IRS-CI's administrative forfeiture proceeding against the Defendant property.

## VI.

The Defendant property is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2) because it property involved in a violation of 31 USC §§ 5313, 5316, and 5324. Facts justifying forfeiture are more fully set forth in the Verification Affidavit of IRS-CI Task Force Officer Brian Wolfe, attached hereto and incorporated herein as Exhibit "A." Also attached as Exhibit "B" is a list of deposit activities into bank accounts relating to either **Fausti** or **Ard.**

## VII.

WHEREFORE, the Government requests the following:

1. The District Clerk issue a warrant for the arrest of the Defendant property as provided by Rule G(3)(b)(I) of the Supplemental Rules.

2.  The Defendant property be arrested by the United States Marshal or other United States Officer or employee as provided by Rule G(3)© of the Supplemental Rules.

3.  Publications of notice of the Complaint for Forfeiture and warrant for arrest of property are made on the official Government Internet forfeiture site www.forfeiture.gov for at least 30 consecutive days in accordance with Rule G(4)(a)(iv)© of the Supplemental Rules.

4.  All persons having any interest in or right against said Defendant property be advised: (1) by said public notice as required by Rule G(4)(a) of the Supplemental Rules; or (2) by direct notice on the known possible claimant(s) in paragraph IV, as required by Rule G(4)(b) of the Supplemental Rules, of the opportunity to timely file a verified claim identifying the interest or right to the Defendant property in this Court as required by Rule G(5)(a) and 18 U.S.C. § 983(a)(4)(A); and to file an answer to this Complaint for Forfeiture or a motion under Fed. R. Civ. P. 12 in the manner required by the provisions of Rule G(5)(b) of the Supplemental Rules and 18 U.S.C. § 983(a)(4)(B). Further, any person filing a verified claim of interest or right and/or an answer shall serve a copy of same on Steven Jumes, Assistant United States Attorney, c/o Burnett Plaza, Suite 1700, 801 Cherry Street, Unit #4, Fort Worth, Texas 76102-6882.

5.  After all proceedings are had on this Complaint for Forfeiture, that the Defendant property be condemned by judgment and order of this Court and declared and decreed forfeited to the United States of America according to law.

6.  All costs and expenses incurred by the United States in obtaining the condemnation

    and forfeiture of the Defendant property be appropriately taxed against any person or

    entity who may file a verified claim and answer herein, and/or if more than one

    person or entity files a verified claim and answer herein be jointly taxed and prorated

    among them, as the Court deems just and equitable.

7.  The United States have such other and further relief, at law or in equity, to which it

    may show itself justly entitled.


                    Respectfully submitted,

                    JAMES T. JACKS
                    UNITED STATES ATTORNEY

                    *[signature]*
                    **Steven Jumes**
                    Assistant United States Attorney
                    Texas State Bar Number 00796854
                    Burnett Plaza, Suite 1700
                    801 Cherry St., Unit 4
                    Ft. Worth, Texas 76102
                    Telephone: 817.252.5251
                    Facsimile: 817.978.3094
                    **steve.jumes@usdoj.gov**

## Affidavit in Support of Complaint for Forfeiture

### BACKGROUND

I, Brian Wolfe, after being duly sworn, depose and state as follows:

1.      I am a Criminal Investigator with the Denton County Criminal District Attorney's Office Financial Crimes Division and have been since March 1999. I am currently certified as a Master Peace Officer with the State of Texas and have been a Certified Peace Officer for approximately fifteen years. I am a Certified Fraud Examiner, and I have personally conducted or assisted in numerous investigations of criminal violations of the law, including gathering of evidence to obtain search and/or seizure warrants and interviewing defendants, witnesses, and informants. I have experience in the examination of financial records and statements. Further, I have conducted investigations into violations of fraud and Bank Secrecy Laws. I have also attended training pertaining to financial crimes, asset forfeiture, and seizure.

2.      I am currently assigned to the Internal Revenue Service-Criminal Investigation (IRS-CI) North Texas Asset Forfeiture Task Force in Irving, Texas. Our mission is to identify and investigate possible money laundering and currency structuring violations, specifically, violations of 18 U.S.C. §§ 1956, 1957, and 1960 and 31 U.S.C. §§ 5316, 5324, and 5330.

3.      I make this verification for and on behalf of the United States of America.

The information contained in this affidavit is based on my personal knowledge and from other sources specifically discussed herein. This affidavit does not purport to set forth all of my knowledge or investigation concerning this case. I have read the Complaint for Forfeiture concerning the property described in this paragraph of the affidavit, and the factual matters in it are true and correct to the best of my knowledge, information and belief.

## PROPERTY FOR FORFEITURE

4.    I make this affidavit in support of a forfeiture complaint for the following property[1]:

> a.  All funds, monies and other things up to $50,000.00 in value contained in Brokerage Identification Number (BIN) #XXXXX7064 in the name of Monica Ard / Gianluca Fausti at HD Vest Financial Services, Irving, Texas.

## LEGAL AUTHORITY FOR FORFEITURE

5.    Based on my experience and the information contained in the subsequent paragraphs, I have probable cause to believe the personal property described in paragraph 3 is subject to forfeiture to the United States pursuant to 31 U.S.C. § 5317(c) because the property was involved in, or is traceable to property involved in, structuring to avoid currency reporting requirements in violation of 31 U.S.C. § 5324(a).

---

1 In the interest of privacy, only the last 4 digits of the financial account are listed.

6.     31 U.S.C. § 5313 and 31 C. F. R. Part 103 of the Bank Secrecy Act (BSA) require any financial institution that engages with a customer in a currency transaction (*i.e.*, a deposit or withdrawal) in excess of $10,000.00 to report the transaction to the IRS on Form 4789, Currency Transaction Report (CTR). These regulations also require that multiple transactions be treated as a single transaction if the financial institution has knowledge that they are conducted by, or on behalf of, the same person, and they result in either currency received or disbursed by the financial institution totaling more than $10,000.00 during any one business day.

7.     CTRs are often used by law enforcement to uncover a wide variety of illegal activities, including narcotics trafficking and money laundering. Many individuals involved in these illegal activities are aware of such reporting requirements and take active steps to cause financial institutions to fail to file CTRs. These active steps are referred to "structuring."

8.     Structuring is defined in 31 CFR 103.11(gg): "[A] person structures a transaction if that person, acting alone, or in conjunction with, or on behalf of, other persons, conducts or attempts to conduct one or more transactions in currency, in any amount, at one or more financial institutions, on one or more days, in any manner, for the purpose of evading the reporting requirements under section 103.22 of this part. 'In any manner' includes, but is not limited to, the breaking down of a single sum of currency exceeding $10,000.00 into smaller sums,

including sums at or below $10,000.00, or the conduct of a transaction, or series of currency transactions, including transactions at or below $10,000.00. The transaction or transactions need not exceed the $10,000.00 reporting threshold at any single financial institution on any single day in order to constitute structuring within the meaning of this definition."

9. 31 U.S.C. § 5324(a)(3) criminalizes structuring. In order to establish a structuring violation, the government must prove that a person structured or assisted in structuring, or attempted to structure or assist in structuring, any transaction with one or more domestic financial institutions for the purposes of evading the reporting requirements of § 5313(a) or any regulation prescribed under any such section.

10. 31 U.S.C. § 5317 provides for the forfeiture of any property involved in a violation of § 5313, § 5316, or § 5324, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy. It is further provided that the property shall be forfeited in accordance with 18 U.S.C. § 981(a)(1)(A).

11. 18 U.S.C. § 984 provides that, in any forfeiture action *in rem* in which the subject property is funds deposited in an account in a financial institution, the government does not have to identify the funds involved in the offense that is the basis for the forfeiture; it is no defense that those funds have been removed and

replaced by other funds; and identical funds found in the same account as the funds involved in the forfeiture offense are subject to forfeiture. In essence, § 984 allows the government to seize for forfeiture identical property found in the same place where the "guilty" property had been kept. However, § 984 does not allow the government to reach back in time for an unlimited period; a forfeiture action, including a seizure, against property not directly traceable to the offense that is the basis for the forfeiture cannot be commenced more than one year from the date of the offense.

## FACTS SUPPORTING PROBABLE CAUSE FOR SEIZURE

### Fausti and Ard

12.   **Gianluca Fausti (Fausti)** and **Monica Ann Ard (Ard)** reside together in Fort Worth, Texas. In bank records, **Fausti** is listed as the president of Skymates Incorporated (Skymates), a flight school that provides professional flight training and is located at 5080 South Collins, Arlington, Texas. In account application records, **Ard** is listed as unemployed.

### Accounts

13.   **Ard** maintained a personal checking account in her name at First Bank, 4313 Western Center Blvd., Fort Worth, Tarrant County, Texas (account #XXX9222). She opened this account (FB9222) on or about June 1, 2005 and closed it on or about May 13, 2009. Initially, **Ard** was the only authorized

signatory on the account, but **Fausti** was added as a signatory on or about July 31, 2008. I have personally reviewed the records for FB9222 for the period beginning December 27, 2005 through May 13, 2009.

14. **Fausti** also maintained a personal checking account in his name at First Bank (account #XXX7147). He opened this account (FB7147) on or about July 13, 1999 and closed it on or about May 19, 2009. Initially, **Fausti** was the only authorized signatory on the account, but **Ard** was added as a signatory on or about July 31, 2008. I have personally reviewed the records for FB7147 for the period beginning December 21, 2005 through May 19, 2009.

15. **Fausti** also maintains a business checking account in the name of Skymates, Inc. at First Bank (account #XXX3614). Fausti opened this account (FB3614) on or about November 4, 1997, and **Ard** was added as a signatory on or about July 31, 2008. I have personally reviewed the records for FB3614 for the period beginning December 30, 2005 through August 31, 2009.

16. **Ard** and **Fausti** maintain a joint investment account in their names at HD Vest Financial Services, Irving, Texas (account #XXXXX7064). This account (HD7064) was opened on or about July 30, 2008. I have personally reviewed the records for HD7064 for the period beginning July 30, 2008 through June 30, 2009.

## Account Activitiy

17. A combined examination of records for FB9222, FB7147, and FB3614

revealed a large number of deposits made in U.S. currency and in amounts under the CTR reporting requirement during a 26-day period beginning on July 7, 2008 and continuing through August 1, 2008. During this time period, approximately forty-four deposits totaling $179,390.00 in U.S. currency were made into these accounts, with none of the deposits exceeding $10,000.00. Specifically, fifteen cash deposits totaling $78,400.00 were made into FB9222; fourteen cash deposits totaling $69,000.00 were made into FB7147; and fifteen cash deposits totaling $31,990.00 were made into FB3614.

18.    The chart attached as "Exhibit B" to the Complaint for Forfeiture displays the aforementioned currency deposits from July 7, 2008 through August 1, 2008.

Deposit Details

19.    On September 15, 2009, I interviewed Nancy Donaldson, who is employed as a front-line teller at the Pinnacle Bank branch located at 4313 Western Center Boulevard in Fort Worth, Texas. First Bank was renamed Pinnacle Bank in February 2009. Donaldson advised me that:

   a.    She is familiar with **Ard** and has conducted cash deposit transactions for **Ard** on numerous occasions.

   b.    Beginning in early July 2008, **Ard** began making large cash deposits into accounts FB9222, FB7147, and FB3614.

   c.    **Ard** would pull out "bundles of cash out of her purse," mainly $100.00

7 of 10

bills that were not in straps.

d.  Occasionally after making the cash deposits, **Ard** would access her

safety deposit box located at the bank.

e.  She never witnessed **Ard** and **Fausti** come in together to make deposits,

and only **Ard** would come into the bank to make cash deposits; Fausti

went through the drive-through line to make deposits, and the deposits

were usually checks and other negotiable instruments.

f.  **Ard** never mentioned the source of the cash and would always fill out

deposit slips at the bank.

Income

20.     In the new account application for HD7064 in July 2008, **Ard** listed her

profession as not employed, with an approximate annual income under $25,000.00.

In the same application, **Fausti** listed his profession as Executive for Skymates,

with an approximate annual income between $50,000.00 and $100,000.00.

21.     From December 27, 2007 through December 23, 2008, $123,324.64 was

deposited into FB9222, **Ard's** personal account.  From December 21, 2007

through December 18, 2008, $318,510.01 was deposited into FB7147, **Fausti's**

personal account.   The combined total of deposits into FB9222 and FB7147 -

$441,834.65 - is not consistent with the income levels provided by **Ard** and **Fausti**

on the new account application for HD7064.

8 of 10

22.     An examination of FB9222 records revealed that from December 26, 2006 to June 25, 2008 a total of $11,531.50 was deposited into the account which constitutes an average of approximately $640.63/month.  However, beginning June 25, 2008 and continuing through January 23, 2009, a total of $123,149.64 was deposited into the account which constitutes an average of approximately $17,592.80/month.  Of the $123,149.64 deposited during this time frame, at least $118,438.00 (96%) was in U.S. currency.

<u>Subsequent Account Activity</u>

23.     On July 2, 2008, the balance for FB9222 was $1,691.56.  From July 8, 2008 to August 4, 2008, $78,400.00 in U.S. currency was deposited into FB9222. During the same time period, only $4,907.45 was debited from this account.

24.     On or about July 29, 2008, **Ard** and **Fausti** transferred a total of $100,000.00 from FB9222 and FB7147, respectively, to HD7064 in two separate transactions:

   a.     FB9222 check #2530 in the amount of $50,000.00 and payable to HD, posting on August 5, 2008.

   b.     FB7147 check #1780 in the amount of $50,000.00 and payable to HD, posting on August 5, 2008.

25.     As of June 30, 2009, these two transactions have been the only outside source of funds deposited into HD7064, and the current balance for HD7064 is

$71,929.41.

26.     After seizing the funds detailed in paragraph 3 on November 12, 2009, from

HD Vest located at 6333 North State Highway 161 4th Floor in Irving, Dallas

County, Texas, the IRS-CI began administrative forfeiture proceedings. Both the

structuring activity at First Bank and the subsequent seizure of funds at HD Vest

took place within the Northern District of Texas. On or about February 9, 2010, a

claim was filed for the money that was seized.

## CONCLUSION

27.     Based on my training, experience, the information set out in the preceding

paragraphs, the inconsistent statements of both **Ard** and **Fausti** regarding income, the

suspicious deposit activity between June 30, 2008 and July 30, 2008, and the high level

of deposit proceeds being constituted in currency, I believe property described in

paragraph 3 was involved in structuring in violation of 31 U.S.C. § 5324 or is traceable

to such property involved and is therefore subject to forfeiture pursuant to 31 U.S.C §

5317(c); 18 U.S.C. §§ 981(a)(1)(A); and/or 18 U.S.C. § 984.


_____
Brian Wolfe
Federal Task Force Officer
IRS-CI North Texas Asset Forfeiture Task Force

Subscribed to and sworn before me on this ___7th___ day of May 2010.

_____
Notary Public, State of Texas

RON BONHAM
My Commission Expires
October 25, 2010

**Exhibit B**

| Day: | Date: | M. Ard Acct. #xxx9222 | Bank Branch & Time Deposited: | G. Fausti Acct. #xxx7147 | Bank Branch & Time Deposited: | Skymates, Inc. Acct. #xxx3614 | Bank Branch & Time Deposited: |
|---|---|---|---|---|---|---|---|
| Monday | 07/07/2008 | | | | | | |
| Tuesday | 07/08/2008 | $2,000.00 | 004 @ 10:01am | $5,000.00 | 004 @ 8:46am | $2,000.00 | 004 @ 8:44 am |
| Wednesday | 07/09/2008 | | | $1,000.00 | 004 @ 9:59am | $1,000.00 | 004 @ 10:03 am |
| Thursday | 07/10/2008 | $8,000.00 | 004 @ 10:24am | $4,000.00 | 004 @ 9:13am | $3,000.00 | 004 @ 9:15 am |
| Friday | 07/11/2008 | $6,000.00 | 004 @ 10:37am | $6,000.00 | 004 @ 10:35am | $1,500.00 | 004 @ 10:33 am |
| Saturday | 07/12/2008 | | | | | | |
| Sunday | 07/13/2008 | | | | | | |
| Monday | 07/14/2008 | $1,400.00 | 004 @ 09:14am | $1,000.00 | 004 @ 9:13am | $1,400.00 | 004 @ 9:12 am |
| Tuesday | 07/15/2008 | $6,000.00 | 004 @ 09:02am | $6,000.00 | 004 @ 9:05am | $3,000.00 | 004 @ 8:56 am |
| Wednesday | 07/16/2008 | $6,000.00 | 004 @ 10:31am | $6,000.00 | 004 @ 10:28am | $3,000.00 | 004 @ 10:32 am |
| Thursday | 07/17/2008 | $6,000.00 | 004 @ 10:57am | $5,000.00 | 004 @ 10:57am | $2,500.00 | 004 @ 10:59 am |
| Friday | 07/18/2008 | | | | | | |
| Saturday | 07/19/2008 | | | | | | |
| Sunday | 07/20/2008 | | | | | | |
| Monday | 07/21/2008 | $6,000.00 | 004 @ 10:15am | $6,000.00 | 004 @ 10:13am | $3,000.00 | 004 @ 10:12 am |
| Tuesday | 07/22/2008 | $5,000.00 | 004 @ 10:51am | $5,000.00 | 004 @ 10:49am | $1,000.00 | 004 @ 10:46 am |
| Wednesday | 07/23/2008 | $4,000.00 | 004 @ 09:53am | | | $1,300.00 | 004 @ 9:51 am |
| Thursday | 07/24/2008 | | | | | | |
| Friday | 07/25/2008 | $6,000.00 | 004 @ 08:57am | $6,000.00 | 004 @ 08:58am | $1,000.00 | 004 @ 8:56 am |
| Saturday | 07/26/2008 | | | | | | |
| Sunday | 07/27/2008 | | | | | | |
| Monday | 07/28/2008 | $7,000.00 | 004 @ 09:39am | $7,000.00 | 004 @ 09:40am | | |
| Tuesday | 07/29/2008 | $5,000.00 | 004 @ 09:33am | $5,000.00 | 004 @ 09:32am | $4,000.00 | 004 @ 9:29 am |
| Wednesday | 07/30/2008 | $6,000.00 | 004 @ 09:08am | $6,000.00 | 004 @ 09:10am | | |
| Thursday | 07/31/2008 | | | | | $2,000.00 | 004 @ 9:12 am |
| Friday | 08/01/2008 | $4,000.00 | 004 @ 11:49am | | | $4,450.00 | Unknown |
| TOTAL CASH IN: | | $78,400.00 | | $69,000.00 | | $31,990.00 | |

ORIGINAL

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FT. WORTH DIVISION
2010 MAY 10 PM 4:0
CLERK OF COURT

**I. (a) PLAINTIFF**

UNITED STATES OF AMERICA

**DEFENDANT(S)**

$50,000.00 IN U.S. CURRENCY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF

(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   New York, New York

(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Steven Jumes
United States Attorney's Office
1700 Burnett Plaza
801 Cherry St., Unit #4
Fort Worth, TX 76102
817.252.5251; fax 817.978.3094
Steve.Jumes@usdoj.gov

ATTORNEYS (IF KNOWN)

4-10 CV-337-A

**II. BASIS OF JURISDICTION** (PLACE "X" IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff

[ ] 2 U.S. Government Defendant

[ ] 3 Federal Question (U.S. Government Not a Party)

[ ] 4 Diversity (Indicate Citizenship of Parties in item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business in Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Cntry | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 Original Proceeding   [] 2 Removed from State Court   [] 3 Remanded from Appellate Court   [] 4 Reinstated or Reopened   [] 5 Transferred from another district (specify)   [] 6 Multidistrict Litigation   Appeal to District Judge from [] 7 Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [] 110 Insurance | **PERSONAL INJURY** | [] 610 Agriculture | [] 422 Appeal 28 U.S.C. 158 | [] 400 State Reapportionment |
| [] 120 Marine | [] 310 Airplane | [] 620 Other Food & Drug | [] 423 Withdrawal 28 U.S.C. 157 | [] 410 Antitrust |
| [] 130 Miller Act | [] 315 Airplane Product Liability | [] 625 Drug Related Seizure of Property 21 U.S.C. 881 |  | [] 430 Banks and Banking |
| [] 140 Negotiable Instrument | [] 320 Assault, Libel & Slander | [] 630 Liquor Laws |  | [] 450 Commerce/ICC Rates, etc |
| [] 150 Recovery of Overpayment & Enforcement of Judgment | [] 330 Federal Employers Liability | [] 640 R.R. & Truck | **PROPERTY RIGHTS** | [] 460 Deportation |
| [] 151 Medicare Act | [] 340 Marine | [] 650 Airline Regs. | [] 820 Copyrights | [] 470 Racketeer Influenced Corrupt Organizations |
| [] 152 Recovery of Defaulted Student Loan (Excl. Veterans) | [] 345 Marine Product Liability | [] 660 Occupational Safety/Health | [] 830 Patent | [] 810 Selective Service |
| [] 153 Recovery of Overpayment at Veteran's Benefits | [] 350 Motor Vehicle | [x] 690 Other | [] 840 Trademark | [] 850 Securities/Commodities/Exchange |
| [] 160 Stockholders' Suits | [] 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | [] 875 Customer Challenge 12 U.S.C. 3410 |
| [] 190 Other Contract | **PERSONAL INJURY** | [] 710 Fair Labor Standards Act | [] 861 HIA (1395f) | [] 891 Agricultural Acts |
| [] 195 Contract Product Liability | [] 362 Personal Injury Med Malpractice |  | [] 862 Black Lung (923) | [] 892 Economic Stabilization Act |
|  | [] 365 Personal Injury Product Liability | [] 720 Labor/Mgmt. Relations | [] 863 DIWC/DIWW (405(g)) | [] 893 Environmental Matters |
| **REAL PROPERTY** | [] 368 Asbestos Personal Injury Product Liability | [] 730 Labor/Mgmt. Reporting & Disclosure Act | [] 864 SID Title XVI | [] 894 Energy Allocation Act |
| [] 210 Land Condemnation | **PERSONAL PROPERTY** |  | [] 865 RSI (405(g)) | [] 895 Freedom of Information Act |
| [] 220 Foreclosure | [] 370 Other Fraud | [] 740 Railway Labor Act |  | [] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [] 230 Rent Lease & Ejectment | [] 371 Truth in Lending | [] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [] 950 Constitutionality of State Statutes |
| [] 240 Torts to Land | [] 380 Other Personal Property Damage | [] 791 Empl. Ret. Inc. Security Act. | [] 870 Taxes (U.S. Plaintiff or Defendant) | [] 890 Other Statutory Actions |
| [] 290 All other Real Property | [] 385 Property Damage Product Liability |  | [] 871 IRS - Third Party 26 U.S.C. 7609 |  |
|  | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  |  |
|  | [] 441 Voting | [] 510 Motions to Vacate Sentence |  |  |
|  | [] 442 Employment |  |  |  |
|  | [] 443 Housing/Accommodations | **Habeas Corpus** |  |  |
|  | [] 444 Welfare | [] 530 General |  |  |
|  |  | [] 535 Death Penalty |  |  |
|  |  | [] 540 Mandamus & Other |  |  |
|  |  | [] 550 Other (including 1983 Actions) |  |  |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTE UNLESS DIVERSITY)

CIVIL FORFEITURE -- 31 U.S.C. §§5317(c)(2), 53(a), and 5324

**VII. REQUESTED IN COMPLAINT:**   CHECK IF THIS IS A CLASS ACTION [] UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:   JURY DEMAND: [] YES   [XX] NO

**VIII. RELATED CASE(S) IF ANY**   (See instructions)   JUDGE_____   DOCKET NUMBER

DATE

May 10, 2010

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

/s/ Steven Jumes,  Assistant United States Attorney